**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HERD,<br><br>             Plaintiff,<br><br>     v.<br><br>JAMES D. HARTLEY, et al.,<br><br>             Defendants. | 1:12-cv-01674-AWI-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Scott Herd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 6, 2012. The matter was transferred to this Court on October 12, 2012. Plaintiff's complaint, filed on July 9, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Avenal State Prison, where the events in his complaint are alleged to have occurred.  Plaintiff names (1) Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, (2) James D. Hartley, Warden, (3) Correctional Officer A. Garcia, (4) Correctional Officer Flores, and (5) Correctional Counselor S. A. Bryant as defendants.

Plaintiff alleges that he has been subjected to a conspiracy by prison officials to deprive him of his rights by interfering with written communications to a United States Judge and thereby depriving him of his freedom of speech or to a redress of grievances.  Plaintiff states that his confidential legal mail is comprised of a copy of his Title II of the ADA /Section 504 Complaint mailed to the Department of Justice, Disability Rights Section; three separate CDCR

602-HC's, Health Care Appeals exhausted at the third level; and a two-page commentary letter addressed to Judge Thelton E. Henderson.

Plaintiff states that because he did not receive a response to his commentary letter and documents, he mailed a CDCR-22 form on May 13, 2012, requesting a copy of his incoming and outgoing legal mail. Plaintiff received the requested mail log on May 15, 2012. Plaintiff then saw that his confidential legal mail packet processed on April 8, 2012, by Defendants Garcia and Flores, was never mailed to the addressee, Judge Henderson in the Northern District of California.

Plaintiff alleges that ASP officials destroyed, withheld or concealed Plaintiff's confidential legal mail and supporting documents that were intended to be produced at a hearing on April 30, 2012. Plaintiff contends that these materials were meant to provide written input on the proposed end to the Federal Receivership over the CDCR's health care responsibilities. Plaintiff states that the ADA/Section 504 complaint and the three CDCR 602-HC's health care appeals were sent as supporting documents only, not as claims under the commentary letter or this complaint.

Plaintiff contends that has been subjected to a conspiracy by prison officials to violate his civil rights by laying-off necessary state library workers from CDCR institutions. Plaintiff claims that he is being obstructed and restricted in his right to petition the government for redress of grievances. Plaintiff also claims that other prison educational and vocational classes have not suffered any noticeable reduction in state workers.

### III. Deficiencies of Complaint

As Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim, Plaintiff's complaint will be dismissed with leave to amend. To assist Plaintiff in amending his complaint, Plaintiff is provided with the applicable pleading and legal standards.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is sparse and does not clearly set forth the factual allegations underlying his claims. His allegations are conclusory and fail to describe specific actions by the different defendants. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each defendant sufficient to state a claim.

### B.     Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Here, Plaintiff attempts to bring suit against multiple defendants for apparently different incidents at different times. For example, Plaintiff complains about interference with his legal mail by Defendants Garcia and Flores, while simultaneously complaining about law library lay-offs by the CDCR. Plaintiff may not pursue unrelated claims against different defendants in a single action. If Plaintiff chooses to file an amended complaint and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.

### C. Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

Here, Plaintiff fails to allege any plausible factual support for his claim of conspiracy. Plaintiff's conclusory allegations are not sufficient. See Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal).

### D. Supervisory Liability

To the extent that Plaintiff seeks to hold Defendants Cate and Hartley liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has not alleged that Defendants Cate and Hartley participated in or directed any violations or knew of the violations involving Plaintiff and failed to prevent them. Plaintiff will be given leave to cure these deficiencies.

///

### E. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In his complaint, Plaintiff fails to identify and clearly link Defendants Cate, Hartley and Bryant to the cause(s) of action alleged. If Plaintiff chooses to amend his complaint, he must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's rights.

### F. Access to Court

Plaintiff alleges that his right to access the courts was violated by the failure of Defendants Garcia and Flores to process his legal mail.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).

Here, Plaintiff has not stated a claim for denial of access to the courts. Plaintiff was not attempting to initiate a criminal appeal, habeas petition or civil rights action. As admitted by Plaintiff, he was simply sending his commentary regarding the proposed end to a federal receivership over CDCR's medical responsibilities.

To the extent Plaintiff bases his access to courts claim on the law library lay-offs, he has not stated a cognizable claim. Plaintiff's allegations are conclusory and generalized, and he has failed to allege that the law library lay-offs prejudiced his ability to file a non-frivolous legal claim. See Lewis, 518 U.S. at 348-53 (denial of access to courts requires actual injury).

### G. Outgoing Mail

Plaintiff alleges that Defendants Garcia and Flores failed to process his outgoing legal mail to Judge Henderson. Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curiam). However, an isolated incident of mail tampering or interference, such as that alleged here, usually does not support a claim under section 1983 for the violation of a constitutional right. See, e.g., Davis v. Goord, 320 F.3d 346, 351-52 (2d Cir. 2003). Further, Plaintiff has not alleged any resultant injury from the alleged interference with his letter addressed to Judge Henderson. Additionally, based on this Court's docket, it appears that Plaintiff successfully mailed his commentary to Judge Henderson by letter dated May 24, 2012, which was received by the Northern District of California on June 6, 2012. (ECF No. 1.)

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim against any of the defendants. However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must

be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **October 28, 2013**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE

8