1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HERD, | ) 1:12-cv-01674-AWI-BAM (PC) |
|              Plaintiff, | ) |
| | ) ORDER GRANTING MOTION TO FILE |
|     v. | ) AMENDED COMPLAINT AND TO |
| | ) ATTACH EXHIBITS (ECF No. 16) |
| JAMES D. HARTLEY, et al., | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
|              Defendants. | ) REGARDING DISMISSAL OF ACTION |
| | ) (ECF No. 17) |
| | ) |
| | ) FOURTEEN DAY DEADLINE |

## I.   __Background__

Plaintiff Scott Herd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on June 6, 2012.  The matter was transferred to this Court on October 12, 2012.  On October 29, 2013, the Court dismissed Plaintiff's complaint with leave to amend within thirty days.  (ECF No. 13.)  The Court granted Plaintiff's request for a sixty day extension of time to amend his complaint.  (ECF No. 15.)

## II.   __Motion to Amend and to Attach Exhibits__

On February 3, 2014, Plaintiff filed a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15.  Plaintiff also requested permission to remove the exhibits from his July 9, 2012 complaint, attach them to his first amended complaint and incorporate them by reference into his first amended complaint.  (ECF No. 16.)  Plaintiff also filed his first amended complaint.  (ECF No. 17.)

Plaintiff's request for leave to amend is unnecessary.  The Court previously granted Plaintiff leave to amend his complaint and granted Plaintiff an extension of time.  Although moot, Plaintiff's request for leave to amend is GRANTED.

Plaintiff also requests to remove the exhibits from his original complaint, attach them to his first amended complaint and incorporate them by reference.  Generally, the Court requires that all amended pleadings contain copies of all exhibits referred to in the changed pleading. Local Rule 220.  However, a party may obtain permission from the Court for removal of any exhibits attached to a superseded pleading so that the exhibits may be attached to the changed pleading.  Local Rule 220.   In this instance, the Court finds Plaintiff's request reasonable and Plaintiff's request that the exhibits be removed from his original pleading and attached to his amended pleading is GRANTED.

### III.   Findings and Recommendations Regarding Dismissal

### A.   Screening Requirement and Standard

Plaintiff's first amended complaint, filed on February 3, 2014, is currently before the Court for screening.  (ECF No. 17.)  On screening, Plaintiff's first amended complaint is considered to include those exhibits attached to his July 9, 2012 pleading.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

1    unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

2    (internal quotation marks and citation omitted).

3          Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

4    liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,

5    342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

6    plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

7    named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

8    (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

9    2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

10   consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at

11   678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

12         **B.  Plaintiff's Allegations**

13         Plaintiff is currently housed at Avenal State Prison, where the events in his complaint are

14   alleged to have occurred.  Plaintiff names Correctional Officers A. Garcia and Flores as

15   defendants.

16         Plaintiff alleges as follows:  On April 8 or 9, 2012, Defendant A. Garcia destroyed,

17   withheld or concealed Plaintiff's confidential mail addressed to Judge Thelton E. Henderson in

18   the Northern District of California.  The confidential package included a two-page comment

19   letter and supporting documents for the purpose of relating his personal experiences with prison

20   health care at a public hearing on April 30, 2012, which concerned the proposal to end the

21   Federal Receivership over the CDCR's health care responsibilities.  Plaintiff contends that on

22   April 8 or 9, 2012, he presented the confidential mail package to Defendant Garcia.  Plaintiff

23   shook out the mail package and opened the large envelope for inspection of possible contraband.

24   Plaintiff then sealed the confidential mail package in front of Defendant Garcia and sealed it with

25   clear tape.  Defendant Garcia filled out the ASP-125 outgoing legal/confidential mail log.

26   Plaintiff signed his name on the inmate section of the form.  Plaintiff believes that Defendant

27   Garcia searched and stole or destroyed Plaintiff's confidential mail package.

28

On May 13, 2012, Plaintiff filed a CDCR-22 request form for a copy of his CDC-19 confidential mail log covering the time period of April 8 or 9, 2012.  On May 15, 2012, Plaintiff received a copy of the log.  Plaintiff's confidential mail package was not recorded on the log.  Plaintiff contends that the confidential mail package was never mailed to the addressee for the public hearing in federal court on April 30, 2012.

Plaintiff alleges that Defendant Flores had a statutory duty to verify that Plaintiff's confidential mail was recorded on the outgoing log and then place the confidential mail package in the green legal mailbag and secure the bag.  Plaintiff further alleges that Defendant Flores had a mandatory duty to place a completed copy of the outgoing log form with the confidential mail, maintain the original form in the housing unit and make a photocopy for the Housing Sergeant.

Plaintiff further alleges that on May 24, 2012, he mailed a second copy of his comment letter to Judge Henderson, along with a cover letter asking for information so that he could file a criminal complaint concerning the theft of his confidential mail.

Plaintiff asserts claims for violation of his First Amendment rights, violation of his Fourth Amendment right to be free from unreasonable searches and seizures, and a violation of his right to privacy, along with state law claims.

## C. Discussion

### 1. First Amendment - Access to Court

To the extent Plaintiff is alleging a violation of his right to access the court under the First Amendment, he has failed to state a cognizable claim.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177, 135 L.Ed.2d 606 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).

Here, Plaintiff has not stated a claim for denial of access to the courts.  Plaintiff was not attempting to initiate a criminal appeal, habeas petition or civil rights action.  As admitted by Plaintiff, he was simply sending his commentary regarding the proposed end to a federal receivership over CDCR's medical responsibilities.  Plaintiff has been unable to cure this claim by amendment.

### 2.  Outgoing Mail

Plaintiff alleges that the taking and opening of his confidential legal mail violated his Fourth Amendment right to be free from unreasonable searches and seizures and his right to privacy.  The issue of whether a prison official can open legal materials outside of an inmate's presence is more appropriately considered under the First Amendment.  See, e.g., Treglia v. Cate, 2012 WL 3731774, *4 (N.D. Cal. Aug. 28, 2012).

Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curiam).  However, an isolated incident of mail tampering or interference, such as that alleged here, usually does not support a claim under section 1983 for the violation of a constitutional right.  See, e.g., Davis v. Goord, 320 F.3d 346, 351-52 (2d Cir. 2003) (two instances of mail interference insufficient to state a claim where prisoner failed to allege an ongoing practice or prejudice to his legal actions).  Further, Plaintiff has not alleged any resultant injury from the alleged interference with his letter addressed to Judge Henderson.  Additionally, based on this Court's docket, it appears that Plaintiff successfully mailed his commentary to Judge Henderson by letter dated May 24, 2012, which was received by the Northern District of California on June 6, 2012.  (ECF No. 1.)  Plaintiff has been unable to cure the deficiencies in this claim.

### 3.  State Law Claims

The Court declines to address Plaintiff's purported state law claims because it will not exercise supplemental jurisdiction over such a claim in the absence of any cognizable federal claim. 28 U.S.C. § 1367(a), (c); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir.2001) (supplemental jurisdiction may only be invoked when the court has original jurisdiction). "When ... the court dismisses the federal claim leaving only state claims for

resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir.1989).

### IV.   Conclusion and Recommendations

Plaintiff's first amended complaint fails to state a cognizable section 1983 claim.  As Plaintiff was unable to cure the deficiencies previously identified by the Court, further leave to amend shall not be granted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 3, 2014**          ___/s/ Barbara A. McAuliffe___
                                    UNITED STATES MAGISTRATE JUDGE