# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HERD,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES HARTLEY, et al.,<br><br>        Defendants. | 1:12-cv-01674-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)<br>(ECF No. 24) |

### I.    Procedural Background

Plaintiff Scott Herd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 6, 2012, and the matter was transferred to this Court on October 12, 2012.

On October 29, 2013, the Magistrate Judge dismissed Plaintiff's complaint for failure to state a claim and granted leave to amend. (ECF No. 13.) Following an extension of time, Plaintiff filed an amended complaint on February 3, 2014. (ECF No. 17.) On April 3, 2014, the Magistrate Judge issued Findings and Recommendations that the action be dismissed for failure to state a cognizable section 1983 claim. (ECF No. 18.) Following an extension of time, Plaintiff submitted objections to the Findings and Recommendations on May 22, 2014. (ECF No. 21.) On July 1, 2014, the undersigned adopted the Findings and Recommendations in full and dismissed this action for failure to state a claim under section 1983. (ECF No. 22.) The Clerk of the Court entered judgment on July 1, 2014. (ECF No. 23.)

1

On July 31, 2014, Plaintiff filed the instant motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  The motion was submitted for mailing on July 28, 2014.  (ECF No. 24, p. 29.)

**II.   Motion to Alter or Amend the Judgment**

Applying the prison mailbox rule, Plaintiff filed his motion for reconsideration 27 days after entry of judgment.  A motion for reconsideration, such as that filed by Plaintiff, is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within 28 days after the entry of judgment.   United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir.1992); Fed. R. Civ. P. 59(e).

Relief pursuant to Rule 59(e) is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir.1986).

Here, Plaintiff claims that the Court erred by ignoring or rejecting evidence presented for the first time in his objections to the Findings and Recommendations.  The evidence referenced by Plaintiff consists of the following:  (1) portions of the California Department of Corrections and Rehabilitation ("CDCR") Operations Manual; (2) portions of Title 15 of the California Code of Regulations; and (3) a blank CDCR 1819 Notification of Disapproval-Mail/Packages/ Publications form.  (ECF No. 21.)  The Court overruled Plaintiff's objections, which included these exhibits.  Plaintiff now contends that this evidence demonstrates his rights were violated because he was never notified of the disapproval or disposition of his outgoing confidential legal mail.  However, neither these exhibits nor Plaintiff's generalized assertion demonstrate that the Court committed clear error in finding that Plaintiff failed to state a cognizable First Amendment claim. (ECF No. 18, p. 4; ECF No. 22.)  Any purported lack of notice does not rise to the level of a constitutional violation.

Additionally, Plaintiff asserts that he has stated a claim by alleging (1) his First and Fourth Amendment rights were violated and (2) these violations were committed by the two named Defendant CDCR Correctional Officers acting under color of state law.  (ECF No. 24, p. 4.)  A threadbare statement of the elements of 1983 action is not sufficient to state a claim.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  To survive dismissal, a complaint requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Id.  Plaintiff's conclusory statements do not suffice and do not demonstrate any grounds warranting reconsideration.

**III.     Conclusion and Order**

For the reasons stated, Plaintiff's motion to alter or amend the judgment is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   October 29, 2014                             _____
                                                      SENIOR  DISTRICT  JUDGE