UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT HERD,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES D. HARTLEY, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01674-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS WITHOUT PREJUDICE FOR FAILURE TO SERVE<br><br>(ECF No. 42)<br><br>**TWENTY (20) DAY DEADLINE** |

**FINDINGS AND RECOMMENDATIONS**

**I.    Introduction**

Plaintiff Scott Herd ("Plaintiff") is a prisoner proceeding in forma pauperis and pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On December 10, 2015, the Court issued an order to show cause. (ECF No. 42.) Plaintiff was ordered to either provide completed summonses, USM-285 forms, and copies of the first amended complaint to the clerk of the court so that service could be attempted upon Defendants Bryant, Cates, and Hartley, or to show cause in writing why those Defendants should not be dismissed from this action. (ECF No. 42.) Plaintiff was further ordered to comply within thirty (30) days of service of the order. (Id. at 2.) He was also expressly warned that

failure to comply with the order would result in the dismissal of Defendants Bryant, Cates, and Hartley from this action. (Id.) Over sixty (60) days have passed since the order was issued, and Plaintiff has neither complied with the order nor otherwise communicated with the Court.

## II.   Legal Standard

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

## III.   Discussion

Plaintiff filed the first amended complaint on February 3, 2014. (ECF No. 17.) On October 30, 2015, the Court issued an order to Plaintiff directing him to submit service documents so that the first amended complaint could be served on all Defendants. On November 23, 2015, Plaintiff only partially complied, and submitted sufficient documents for service to be attempted on Defendants Garcia and Flores only. (ECF No. 40.) Plaintiff was given additional time to submit the necessary documents and information to serve the remaining Defendants or to explain why he could not do so, and was warned

about the consequences of not complying. (ECF No. 42.) Nevertheless, over 130 days since the Court issued its order directing Plaintiff to submit service documents, he still has not complied with that order. In light of the foregoing, the undersigned recommends that Defendants Bryant, Cates, and Hartley should be dismissed without prejudice based on Plaintiff's failure to serve process on those Defendants.

### IV. Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Defendants S.A. Bryant, Mathew Cates, and James D. Hartley be dismissed from this action, without prejudice, for failure to serve process under Rule 4(m).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)** days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 2, 2016**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE